UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 1:19-cr-00214-TWP-TAB |
| JULIUS JOHNSON, | ) ) ) |
| Defendant. | ) |

### ORDER ON GOVERNMENT'S MOTION *IN LIMINE*

This matter is before the Court on a Motion *in Limine* filed by Plaintiff United States of America (the "Government"), seeking a preliminary ruling regarding the admissibility of statements Defendant Julius Johnson ("Johnson") made during proffer sessions on October 29, 2019 (Filing No. 189). Johnson is scheduled for trial by jury on April 11, 2022, on Count 1: Possession With Intent to Distribute Fentanyl; Count 2: Carrying a Firearm During and in Relation to a Drug Trafficking Crime; and Count 3: Unlawful Possession of a Firearm by a Convicted Felon, (*see* Filing No. 8). For the following reasons, the Court **grants** the Government's Motion *in Limine*.

### I. LEGAL STANDARD

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, the Government has filed a Motion *in Limine* requesting that the Court address certain matters that are capable of resolution prior to trial. "[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Beyers v. Consol. Ins. Co.*, No. 1:19-cv-1601-TWP-DLP, 2021 WL 1061210, at *2 (S.D. Ind. Mar. 19, 2021) (citing *Hawthorne Partners v. AT&T Technologies,*

*Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).  Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context.  *Hawthorne Partners*, 831 F. Supp. at 1400–01.  "Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues."  *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).  Still, orders *in limine* are preliminary and "subject to change when the case unfolds" because actual testimony may differ from a pretrial proffer.  *Luce v. United States*, 469 U.S. 38, 41 (1984).  A trial judge does not bind herself by ruling on a motion *in limine* and "may always change [her] mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## II.   DISCUSSION

The Government seeks a preliminary ruling regarding the admissibility of statements Johnson made during proffer sessions on October 29, 2019.  Johnson's proffer agreement included a Direct Use Immunity provision under which the Government agreed not to use any of his proffer statement against him, with certain exceptions.  One exception was for impeachment use,

> if your Client testifies differently from any statement made or other information provided during the Proffer at any trial or other legal proceeding relating to the Subject Matter [*i.e.*, information relevant to the investigation of offenses involving controlled substances and firearms], the government may use any statement made or information provided by your Client, and any information or evidence derived directly or indirectly therefrom, for cross-examination and impeachment purposes.

(Filing No. 189-1 at 2.)  The Government believes Johnson may offer testimony, make arguments, advance positions, or present evidence at trial that contradicts statements he made during his 2019 proffer sessions.  If he does so, then the Government seeks to use relevant statements from the proffer sessions for impeachment or rebuttal.

The Government asks the Court to preliminarily rule that, "if the Defendant offers testimony, makes arguments, advances positions, or presents evidence at trial that contradicts statements he made during proffer sessions on October 29, 2019, then the Government may introduce [] Johnson's statements from the 2019 proffer session." (Filing No. 189 at 1.) Johnson has not responded or otherwise opposed the Motion.

The Government asserts, and the Court agrees, that proffer agreements are contracts and must be enforced according to their terms. *United States v. Reed*, 272 F.3d 950, 954 (7th Cir. 2021). The Seventh Circuit has held that if the government establishes by a preponderance of the evidence that a defendant has contradicted his proffer statement, regardless of whether the defendant takes the stand and testifies, then the government may introduce proffer statements at trial. *United States v. Williams*, 272 F.3d 845, 856 (7th Cir. 2001). The Government's position is well-taken and supported by controlling case law. Accordingly, the Motion is **granted**.

### III.  CONCLUSION

For the reasons stated above, the Court **GRANTS** the Government's Motion *in Limine* (Filing No. 189). If, during trial, Johnson offers testimony, makes arguments, advances positions, or presents evidence that contradicts statements he made during the 2019 proffer sessions, then the Government may introduce relevant statements from the proffer sessions for impeachment or rebuttal purposes only. Because an order *in limine* is not a final, appealable order, if Johnson believes that specific evidence is inadmissible during the trial, counsel may raise specific objections to that evidence outside the presence of the jury

**SO ORDERED.**

Date:  3/18/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
pamela.domash@usdoj.gov

Valerie Horvath
GILBERT LEGAL SERVICES
valerie@gilbertlegalservices.com

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelsey.massa@usdoj.gov